225-20334                                                                                            #1308125

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **EUNICE PILETTE** | **CIVIL ACTION NO. 6:17-cv-01672** |
| **VS.** | |
| | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED MARINE OFFSHORE, LLC, WARRIOR ENERGY SERVICES CORPORATION AND SUPERIOR ENERGY SERVICES, LLC** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## UNITED MARINE OFFSHORE, LLC'S ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, United Marine Offshore, LLC (hereinafter sometimes referred to as "United Marine" or "Defendant"), who hereby submits this Answer to the Petition for Damages filed by the plaintiff, Eunice Pilette, and hereby avers as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim, cause or right of action against United Marine upon which relief may be granted.

### SECOND DEFENSE

The Petition for Damages is barred by the applicable statute of limitations, prescriptive period, the doctrine of latches, and/or is otherwise time barred.

## **THIRD DEFENSE**

AND NOW, without waving any of the foregoing defenses, United Marine responds to the specific allegations of the Petition for Damages, as follows:

1.

The allegations contained in Paragraph 1 of the Petition for Damages state conclusions of law which require no response on the part of United Marine. To the extent a response is deemed necessary, the allegations contained in Paragraph 1 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

3.

While at all times denying any liability unto the plaintiff, the status, domiciliary and service allegations contained in Paragraph 3 of the Petition for Damages are admitted.

4.

The allegations contained in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Petition for Damages are denied.

12.

The allegations contained in Paragraph 12 of the Petition for Damages are denied to the extent that they pertain to United Marine. To the extent that the allegations pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Petition for Damages are denied.

14.

The allegations contained in Paragraph 14 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Petition for Damages are denied to the extent that they pertain to United Marine. To the extent that the allegations pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Petition for Damages are denied to the extent that they pertain to United Marine. To the extent that the allegations pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Petition for Damages are denied.

## **FOURTH DEFENSE**

AND NOW, further answering the Petition for Damages, United Marine denies the allegations of any unnumbered and/or misnumbered paragraphs along with any other allegations in the Petition for Damages which have not already been addressed, as well as the allegations contained in the prayer for relief.

**FIFTH DEFENSE**

United Marine avers that it discharged according to law and with due care each and every duty, if any, it may have owed to the plaintiff.

**SIXTH DEFENSE**

United Marine avers that if plaintiff suffered any injuries and/or damages as alleged in the Petition for Damages, which is specifically denied, then such injuries and/or damages were not caused by any equipment, machinery, or products owned or operated by United Marine, or for whose condition or characteristics United Marine can be held legally responsible.

**SEVENTH DEFENSE**

United Marine avers that neither it, nor any of its employees, nor anyone for whom United Marine could be legally responsible was negligent, at fault, or liable unto plaintiff under any theory whatsoever.

**EIGHTH DEFENSE**

United Marine avers that the doctrine of "negligence per se" is inapplicable.

**NINTH DEFENSE**

United Marine avers that the doctrine of *res ipsa loquitur* is inapplicable.

**TENTH DEFENSE**

United Marine denies that it owed a duty of seaworthiness to the plaintiff. However, in the event it is determined that such a duty was owed, United Marine avers that the M/V MISS ALLIE was at all pertinent times a seaworthy vessel, and fit for the service in which it was engaged.

**ELEVENTH DEFENSE**

To the extent plaintiff is found to have sustained any injury or damage, which is specifically denied, then such injury or damage was caused and/or contributed to by the negligence and/or lack of due care on the part of the plaintiff, and United Marine specifically pleads such negligence and/or lack of due care as a bar to this action, or alternatively in mitigation of the amount of damages legally recoverable.

**TWELFTH DEFENSE**

In the alternative, United Marine avers that if plaintiff sustained any injury or damage, which is specifically denied, said injury and/or damage was caused or brought about by the ordinary normal risks incident to plaintiff's occupation which risks were voluntarily assumed by plaintiff and for which United Marine is in no way responsible.

**THIRTEENTH DEFENSE**

In the further alternative, United Marine avers that if plaintiff has sustained any injury or damage, which is specifically denied, such injury or damage arose as the result of preexisting and/or subsequently developed physical and/or mental conditions which were neither caused nor aggravated by any act or omission of United Marine, thus barring or mitigating any recovery by plaintiff herein.

**FOURTEENTH DEFENSE**

In the further alternative, United Marine avers that any injury and/or damage allegedly sustained by the plaintiff, which is specifically denied, was caused by the negligence, fault, and/or statutory violations of other persons and/or entities for whom United Marine is in no way responsible. In the event it is determined that the plaintiff is entitled to recover from United Marine,

which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of fault of such third parties.

## FIFTEENTH DEFENSE

In the further alternative, United Marine alleges and avers that plaintiff has failed to mitigate his alleged damages, and recovery is therefore mitigated or defeated.

## SIXTEENTH DEFENSE

In the further alternative, United Marine avers that any injuries or damages allegedly sustained by the plaintiff, which are specifically denied, were the result of an unavoidable accident and/or *force majeure*.

## SEVENTEENTH DEFENSE

In the further alternative, United Marine avers that any injuries or damages allegedly sustained by the plaintiff, which are specifically denied, were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of plaintiff's alleged damages, and for which United Marine, or any other entity for which it would be responsible, was not responsible.

## EIGHTEENTH DEFENSE

United Marine avers that any and all injuries and/or damages allegedly sustained by the plaintiff, which are specifically denied, occurred without the privity or knowledge of United Marine and that the amount of damages sued for by the plaintiff exceeds the value of United Marine's interest in any vessel. Accordingly, United Marine invokes the benefit of provisions of the United States Code, revised statutes of the United States of America and all acts amendatory thereof and supplemental thereto in limitation of the liability of ship owners, and in particular, the

ship owner's Limitation of Liability Act, 46 U.S.C. §30501 *et. seq.* United Marine in no way waives its right to pursue exoneration from or limitation of liability in this or any subsequent proceeding in any court of competent jurisdiction.

### NINETEENTH DEFENSE

To the extent that United Marine is held liable to plaintiff in any regard, which liability is specifically denied, United Marine is entitled to a set-off and/or credit for all payments made to or on behalf of plaintiff by any source, collateral or otherwise.

### TWENTIETH DEFENSE

United Marine avers that it is entitled to contractual defense, indemnity and insurance coverage for the claims asserted by the plaintiff. United Marine reserves it right to file the necessary pleadings to enforce its right to contractual defense, indemnity and insurance coverage.

### TWENTY-FIRST DEFENSE

United Marine reserves the right to supplement, amend, or modify its Answer and affirmative defenses to conform to such facts as may be revealed in discovery or otherwise.

### TWENTY-SECOND DEFENSE

United Marine prays for a trial by jury on all issues herein.

**WHEREFORE,** the premises considered, United Marine Offshore, LLC, prays that this, its Answer, be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of United Marine Offshore, LLC and against plaintiff, Eunice Pilette, dismissing the Petition for Damages at plaintiff's cost, and that United Marine Offshore, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/ Gavin H. Guillot*
Salvador J. Pusateri T.A. (#21036)
Gavin H. Guillot (#31760)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT**
**& GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
salvador.pusateri@pjgglaw.com
gavin.guillot@pjgglaw.com
kyle.khoury@pjgglaw.com
**ATTORNEYS FOR UNITED MARINE OFFSHORE,**
**LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Gavin H. Guillot*

9