UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EUNICE PILETTE | CASE NO. 6:17-CV-01672 LEAD |
| | 6:18-CV-00602 MEMBER |
| VERSUS | JUDGE JUNEAU |
| UNITED MARINE OFFSHORE LLC ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the Joint Motion to Strike Jury Demand filed by United Marine Offshore, LLC and Warrior Energy Services Corp. (Rec. Doc. 62). No party has opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Joint Motion to Strike Jury Demand is GRANTED.

## Factual Background

Eunice Pilette, a tank cleaner employed by Francis Drilling Fluids, filed suit in state court for injuries allegedly sustained while he was aboard the lift boat *Superior Result* when it was involved in a collision with the *M/V Miss Allie*. (Rec. Doc. 1-2). The incident occurred on the Outer Continental Shelf at Ship Shoal Block 58 in the Gulf of Mexico. (Rec. Doc. 14, p. 2, adopted by Doc. 15). Warrior owned and operated the *L/B Superior Result*, and United Marine owned the *M/V Miss Allie*. This Court previously held that federal jurisdiction existed by virtue of the Outer

Continental Shelf Lands Act. (Rec. Doc. 14, adopted by Doc. 15). Subsequently, United Marine and Warrior filed Answers to Pilette's Petition with demands for jury trial. United Marine also filed a Complaint under the Limitation of Liability Act, which was consolidated with the instant matter. (Rec. Doc. 17). United Marine and Warrior now move to strike their jury demands.

## Applicable Law

The Constitution provides that the judicial power of the federal courts "shall extend ... to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2, cl. 1. Congress implemented this constitutional grant through *188 28 U.S.C. § 1333(1), which provides that the district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." This statutory grant gives federal courts jurisdiction over all admiralty and maritime cases, regardless of the citizenship of the parties or the amount in controversy.

Under the "saving to suitors" clause in § 1333, a plaintiff whose claim does not fall within the exclusive admiralty jurisdiction of the federal courts may bring her claim "at law" in state court. The saving to suitors clause also allows a plaintiff to bring her claim "at law" under the federal court's diversity jurisdiction, provided the requirements for diversity and amount in controversy are met. *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359–60, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); *see also* 14A Charles Alan Wright et al., Federal Practice and Procedure § 3672 (3d ed.1998) (noting that a plaintiff with a claim cognizable in admiralty and at law has three choices: she may bring her suit in federal court under admiralty jurisdiction, in federal court under diversity jurisdiction, or in state court).

When a plaintiff's claim is cognizable under admiralty jurisdiction and some other basis of federal jurisdiction, the Federal Rules of Civil Procedure allow the plaintiff to expressly designate her claim as being in admiralty.

2

*Luera v. M/V Alberta*, 635 F.3d 181, 187–88 (5th Cir. 2011) (Citations omitted.)

Rule 9(h) provides that "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rule ... 38(e)," which allows for bench trials in maritime cases. See Fed.R.Civ.P. 38(e).[1] In such a case, "the election made available to the pleader pursuant to Rule 9(h) is dispositive." See *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir.1978). There is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though other grounds for federal jurisdiction also exist. *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.1983).

Although Rule 9(h) appears to require an affirmative statement from the plaintiff to invoke the admiralty rules for claims cognizable under admiralty and some other basis of jurisdiction, the Fifth Circuit has held that the mere assertion of admiralty jurisdiction as a dual or an alternate basis of subject matter jurisdiction for

---

[1] Rule 38 provides the procedural rules governing the right to trial by jury as declared by the Seventh Amendment, and it specifically excepts admiralty and maritime claims from its scope to the extent that Rule 38(e) declares the rules "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

a claim is sufficient to make a Rule 9(h) election to proceed in admiralty for that claim. In *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 587–588 (5th Cir.1983), the court held that by the "simple statement asserting admiralty or maritime claims" the plaintiff had elected to proceed under admiralty jurisdiction and procedures even without an explicit reference to Rule 9(h). *See also Gilmore v. Waterman Steamship Corp.,* 790 F.2d 1244, 1246 (5th Cir.1986) (If a party asserts both admiralty and diversity jurisdiction, the court will treat the claim as though a Rule 9(h) declaration has been made.); *Durden v. Exxon Corp,* 803 F.2d 845, 849 n. 10 (5th Cir.1986) (Plaintiff's allegation of admiralty as an alternative basis of jurisdiction was sufficient to make a Rule 9(h) election.). More recently, in *Luera v. M/V Alberta,* the Fifth Circuit again explained that:

> [I]n this circuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity or some other basis of federal subject matter jurisdiction.

635 F.3d at 189.

Pilette's suit, resulting from the collision of a lift boat and a vessel offshore, is "based on the provisions of the General Maritime Law, as well as on the Savings to Suitors Clause, of the Judiciary Act of 1789 and 28 U.S.C. §1333." (Rec. Doc. 1-2, ¶1). He did not specifically designate his claim under Rule 9(h) or as an admiralty and maritime claim. In *Dunning v. Taylor Catering Co.,* this Court examined a

4

similar situation, wherein the plaintiff did not specifically designate his claim as arising under Rule 9(h), but alleged generally that his claims arose under 28 U.S.C. 1331, 1333, and 1337. *Dunning v. Taylor Catering Co.,* No. 11-CV-1268, 2014 WL 726924, at *2 (W.D. La. Feb. 24, 2014). In finding that the plaintiff was not entitled to a jury trial, this Court considered the totality of the circumstances and held that the plaintiff had "sufficiently asserted admiralty/maritime jurisdiction as a basis for the court's subject matter jurisdiction over his claims, and he has, therefore, automatically elected under Rule 9(h) to proceed under the admiralty rules [such that] the claims should be tried without a jury[.]" *Id.* at *4. Likewise, here, even though Pilette has not specifically designated his claim under Rule 9(h), his allegations assert claims based on general maritime law and specifically under 28 U.S.C. §1333. Notably, Pilette has not opposed Warrior and United Marine's Motion to Strike Jury Demand, which seeks to dismiss their own jury demand. Considering the totality of the circumstances, the Court finds that Pilette has asserted a claim under Rule 9(h) such that this matter should be tried as bench trial.

## **Conclusion**

For the reasons discussed herein, Warrior and United Marine's Motion to Strike Jury Demand (Rec. Doc. 62) is GRANTED. This matter should be re-set as a bench trial.

5

THUS DONE in Chambers, Lafayette, Louisiana on this 24th day of September, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE